IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| HELEN SINGLETARY and FAMILY ASSISTANCE MANAGEMENT SERVICES, <br><br> Plaintiffs, <br><br> vs. <br><br> BEAZLEY INSURANCE COMPANY, INC., <br><br> Defendant. | No. 2:13-cv-1142-DCN <br><br><br> **ORDER** |

This matter is before the court on a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) filed by plaintiffs Helen Singletary and Family Assistance Management Services. Specifically, plaintiffs request relief from the court's November 5, 2013 order granting defendant Beazley Insurance Company, Inc. summary judgment. For the reasons set forth below, the court denies plaintiffs' motion.

## I.  BACKGROUND

Plaintiff Family Assistance Management Services ("FAMS") works as a representative payee for individuals who receive social security or supplemental security income.[1] Plaintiff Helen Singletary is apparently the principal of FAMS. Beazley issued a management liability insurance policy to FAMS for the period of November 6, 2009 to November 6, 2010. Def.'s Mot. for Summ. J., ECF No. 16, Ex. 3. The policy provides coverage under Insuring Clause A for a "Loss resulting from any Claim first made against any of the Insureds during the Policy Period for a Wrongful Act." Id.

---

[1] A representative payee is an individual or organization designated to receive social security payments for a beneficiary, either for direct payment to the individual or for his or her benefit. See 42 U.S.C. § 405(j).

1

In light of allegations that a former director and employee of FAMS embezzled beneficiaries' funds, the Social Security Administration ("SSA") issued a report concluding that FAMS "did not adequately have controls over the receipt and disbursement of Social Security and Supplemental Security Income benefits" and, "as a result, the funds of beneficiaries were at risk for improper safekeeping and use." Def.'s Mot. for Summ. J. Ex. 6. The report concluded that FAMS did not use $513,471.49 appropriately as part of its duties as a representative payee and the SSA ordered FAMS to repay that amount to the SSA. Id.

FAMS reported the SSA review to Beazley and requested that Beazley pay the balance due to the SSA. Def.'s Mot. for Summ. J. Ex. 7. Beazley responded, advising FAMS that the policy did not afford coverage for the SSA review or any portion of the amount FAMS was required to pay in relation to that review. Def.'s Mot. for Summ. J. Ex. 9.

On February 28, 2013, FAMS and Singletary filed an action in the Charleston County Court of Common Pleas alleging breach of the insurance policy for failure to pay and bad faith refusal to pay. FAMS and Singletary also sought a declaratory judgment that Beazley owes benefits under the policy. Beazley removed the case to federal court on April 26, 2013. Beazley filed an answer and counterclaim on April 30, 2013, seeking a declaratory judgment that it is not obligated to pay plaintiffs under the policy.

Beazley moved for summary judgment on September 4, 2013. Plaintiffs responded on October 7, 2013. The court heard oral arguments on October 30, 2013. On November 5, 2013, the court granted Beazley summary judgment. The court held that the SSA's claim for repayment constituted funds owed under Form SSA-11, an express

written contract between the parties. Since the term "loss" in the insurance policy explicitly excludes "damages representing amounts allegedly owed" under such a contract, the court held that coverage was not triggered by the SSA's demand for payment and therefore Beazley was entitled to summary judgment.

On November 27, 2013, plaintiffs moved the court to alter or amend that judgment. Beazley filed a response December 11, 2013. The matter is now ripe for the court's review.

## II.   STANDARD OF REVIEW

While Rule 59(e) does not provide a standard under which a district court may alter or amend a judgment, the Fourth Circuit has recognized that a court may grant a Rule 59(e) motion "only in very narrow circumstances: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Rule 59(e) motions may not be used, however, to make arguments that could have been made before the judgment was entered. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted." Sams v. Heritage Transp., Inc., No. 2:12-cv-0462, 2013 WL 4441949, at *1 (D.S.C. August 15, 2013).

Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, No. 2:10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). Whether to alter or amend a

judgment under Rule 59(e) is within the sound discretion of the district court. See, e.g., Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).

### III.   DISCUSSION

Although not specified in their motion, the court assumes that plaintiffs are bringing this motion to correct a clear error of law or prevent manifest injustice. Plaintiffs have not alleged the existence of any new evidence not previously available and point to no change in controlling law. Instead, plaintiffs argue that the court should reconsider its order granting summary judgment because even if Form SSA-11 constituted an express written contract, it is nothing more than an acknowledgement of a legal duty already imposed by statute. Pls.' Mot. 1; see 42 U.S.C. § 405(j)(7)(A) (providing that "[i]f the Commissioner of Social Security . . . determines that a representative payee . . . has misused all or part of an individual's benefit[,] . . . the representative payee shall be liable for the amount misused. . . .").

Plaintiffs have not previously advanced this argument, despite having ample opportunity to do so. In fact, the statutory framework plaintiffs rely on was referenced in Beazley's summary judgment brief, yet plaintiffs did not address it in their response or at oral argument. See Def.'s Mot. Summ. J. 9. "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403. The rule does not provide a party another "bite at the apple" or a "mechanism to just keep filing motions with new theories until it gets it right." Hanover Ins. Co. v. Corrpro Cos., Inc., 221 F.R.D. 458, 460 (E.D. Va. 2004).

4

Plaintiffs could have made this argument before the court issued its order. A Rule 59(e) motion is not the proper vehicle to argue for the first time that Form SSA-11 was a mere acknowledgment of a legal duty imposed by statute. Accordingly, the court will not exercise its discretion under Rule 59(e) to amend its November 5, 2013 order granting Beazley's motion for judgment on the pleadings.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's motion to amend or alter judgment.

**AND IT IS SO ORDERED**.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**December 30, 2013**
**Charleston, South Carolina**